UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| L.G., by and through his next friends, his parents, G.G. and L.G, | ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. 5: 18-202-DCR |
| V. | ) ) | |
| FAYETTE COUNTY KENTUCKY BOARD OF EDUCATION, | ) ) ) | **MEMORANDUM OPINION AND ORDER** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of Defendant Fayette County Kentucky Board of Education's ("the Board") motion to dismiss the plaintiff's Amended Complaint pursuant to Rules 12(b)(1) and (6) of the Federal Rules of Civil Procedure. [Record No. 9] For the reasons that follow, the Court will grant the motion.

**I.**

Plaintiff L.G., a minor child, is a former student at Morton Middle School. [Record No. 8, ¶¶ 1, 6] While attending Morton in late September 2016, L.G. was diagnosed with an e-coli infection and, as a result, was required not to attend the school. [*Id*. at ¶¶ 6-7] Sometime thereafter, L.G.'s mother contacted the school administration and provided a medical statement from the plaintiff's physician stating that he would not be allowed to return to school for an extended period of time. [*Id*. at ¶ 8] L.G. alleges that, at some unknown time, his mother discovered that the medical statement was not accepted by the school when she found out L.G. was receiving failing grades.

In late November 2017, L.G. and his parents were contacted by a Cabinet for Health and Family Services social worker regarding a complaint filed that alleged L.G. was dependent, neglected or abused. [*Id*. at ¶ 11] The plaintiff and his parents became aware during this time that a truancy petition had been filed against L.G.'s parents for his absences. L.G. was approved for HomeBound instruction in January 2017, and the truancy charges were later withdrawn. [*Id*. at ¶¶ 16-17] The plaintiff's parents withdrew L.G. from Fayette County Public Schools in March 2017 as a result of the truancy charges and alleged lack of attention to L.G.'s right to an appropriate education.

L.G. alleges that from September 2016 to January 2017, the Board failed in their obligation to identify L.G. with a disability and, as a result, he was denied a free and appropriate education in violation of § 504 of the Rehabilitation Act ("§ 504"). [*Id*. at ¶¶ 23-24] He also claims that the Board retaliated against him in violation of state and federal law. [*Id*. at ¶¶ 25-33]

## II.

The defendant's argument that the plaintiff has failed to exhaust his administrative remedies contests this Court's subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure. A 12(b)(1) motion "can either attack the claim of jurisdiction on its face, in which case all allegations of the plaintiff must be considered as true, or it can attack the factual basis for jurisdiction, in which case the trial court must weigh the evidence and the plaintiff bears the burden of proving that jurisdiction exists." *DLX, Inc. v. Kentucky*, 381 F.3d 511, 516 (6th Cir. 2004). A facial challenge to the Court's subject matter jurisdiction, such as the defendant's challenge here, "merely questions the sufficiency of the pleading." *Ohio Nat.*

*Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990). "In reviewing such a facial attack, a trial court takes the allegations in the complaint as true, which is a similar safeguard employed under 12(b)(6) motions to dismiss." *Id.* "[T]he party claiming jurisdiction bears the burden of demonstrating that the court has jurisdiction over the subject matter." *Id.* at 324.

The Court must determine whether the complaint states a viable claim for relief under Rule 12(b)(6) of the Federal Rules of Civil Procedure. It "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual allegations must be sufficient to raise a right to relief above the speculative level, *Twombly*, 550 U.S. at 555, and permit the Court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. While a complaint need not contain detailed factual allegations, it must contain more than an "unadorned, the defendant-unlawfully-harmed-me accusation." *Id.* "A pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action'" is insufficient. *Id.* (quoting *Twombly*, 550 U.S. at 555).

### III.

#### A. L.G. § 504 Claim

The Board argues that L.G.'s claim that he was denied a free and appropriate education in violation of § 504 should be dismissed because L.G. failed to exhaust his administrative remedies. It contends that, although L.G. did not expressly bring a claim under the Individuals with Disabilities Education Act ("IDEA"), he was required to comply with the IDEA's exhaustion requirements.

The IDEA requires recipients of federal funds to furnish a free appropriate public education ("FAPE") to children with disabilities. *See* 20 U.S.C. § 1412(a)(1) (2012). This guarantee is protected with certain procedural safeguards. *Id.* § 1415. Parties may present a complaint concerning the provision of FAPE, *id.* § 1415(a)(6), and may be entitled to a "due process hearing" before an impartial hearing officer. *Id.* § 1415(f). A party aggrieved by the result of an IDEA due process hearing may appeal the result to the state educational agency. *Id.* § 1415(g). The outcome of the administrative review hearing may then be challenged in district court. *Id.* § 1415(i)(2).

These exhaustion requirements also apply to claims brought under other federal laws such as the ADA and § 504 when they seek "relief that is also available under [the IDEA]." 20 U.S.C. § 1415(l). The United States Supreme Court recently explained that whether claims brought under other federal laws must comply with the IDEA's exhaustion requirements "hinges on whether [the] lawsuit seeks relief for the denial of a free appropriate public education." *Fry v. Napoleon Cmty. Sch.*, --- U.S. ---, 137 S. Ct. 743, 754 (2017) (citing 20 U.S.C. § 1415(l)).

In determining whether a lawsuit seeks relief for the denial of a FAPE, a court "should look to the substance, or gravamen, of the plaintiff's complaint." *Id.* at 752. If the plaintiff alleges the denial of a FAPE, "the plaintiff cannot escape § 1415(l) merely by bringing her suit under a statute other than the IDEA . . . ." *Id.* at 754. "But if, in a suit brought under a different statute, the remedy sought is not for the denial of a FAPE, then exhaustion of the IDEA's procedures is not required." *Id.* To assess the gravamen of the complaint, "a court should attend to the diverse means and ends of the statutes covering persons with disabilities—the IDEA on the one hand, the ADA and Rehabilitation Act (most notably) on the other." *Id.* at

755. "[T]he IDEA guarantees individually tailored educational services, while Title II and § 504 promise nondiscriminatory access to public institutions." *Id.* at 756.

Accordingly, the Court is advised to consider two hypothetical questions: (i) whether the plaintiff could have brought essentially the same claim if the alleged conduct had occurred at a public facility that was *not* a school, and (ii) whether an *adult* at the school could have pressed essentially the same grievance. *Id.* at 756. For example, a discrimination suit against a school for failing to provide wheelchair access ramps would not be subject to the IDEA's exhaustion requirements, because it could be brought against any public facility that lacked access ramps, and could be brought against the school by an adult. *Id.* However, a claim against a school for failing to provide remedial mathematics tutoring to a student with a disability could not be brought against another public facility, and it could not be brought by an adult at the school, so it would be subject to exhaustion. *Id.* at 757.

The Amended Complaint asserts that the Board failed to identify L.G.'s disability, and provide him with a FAPE. *See* Record No. 8, ¶ 5 ("The [p]laintiff, L.G., is a child with a disability eligible for accommodations and modifications in his educations program pursuant to § 504"); *id.* at ¶ 23 ("The [d]efendant Board of Education of Fayette County failed in their obligation to the [p]laintiff L.G. to identify him and provide an appropriate education from September 2016 to January 2017."); *id.* at ¶ 24 ("As a result of the [d]efendant's failure to identify the [p]laintiff, he was denied a free and appropriate education which demands compensation.").

L.G. first contends that he should not be required to exhaust his administrative remedies because the IDEA does not offer him the same relief that a successful § 504 claim would allow. *See* Record No. 10, p. 5. However, the Sixth Circuit has held that the fact that the plaintiff

seeks certain relief, rather than an injunction, "does not itself excuse the exhaustion requirement." *Fry v. Napoleon Cmty. Sch.*, 788 F.3d 622 (6th Cir. 2015), *rev'd on other grounds*, 137 S. Ct. 743 (2017) (citing *F.H. ex rel. Hall v. Memphis City Sch.*, 764 F.3d 638, 643 (6th Cir. 2014); *Covington v. Knox Cnty. Sch. Sys.*, 205 F. 3d 912, 916 (6th Cir. 2000)). Otherwise, "the plaintiffs could evade the exhaustion requirement simply by 'appending a claim for damages.'" *Id*. (quoting *F.H.*, 205 F.3d at 917).

L.G. also argues that he should not be required to exhaust his administrative remedies because he contends that in answering the Supreme Court's two hypothetical questions posed in *Fry*, exhaustion is not required. First, he argues that in his case "a denial of equal access could have been brought against the public entity who perceived him as a disability." [Record No. 10, p. 6] Second, he states that "[he], like a teacher or volunteer at the school, was denied access to all facilities at Morton Middle School solely due to a perceived disability." *Id*. These arguments, however, are not supported by the allegations of the Amended Complaint.

The heart of L.C.'s claim is that he was denied a FAPE because of the Board's failure to identify his disability and provide an appropriate education, not that he was denied equal access to the facility. *See* Record No. 8, ¶ ("The [p]laintiff, L.G., is a child with a disability eligible for accommodations and modifications in his educations program pursuant to § 504"); *id*. at ¶ 23 ("The [d]efendant Board of Education of Fayette County failed in their obligation to the [p]laintiff L.G. to identify him and provide an appropriate education from September 2016 to January 2017."); *id*. at ¶ 24 ("As a result of the [d]efendant's failure to identify the [p]laintiff, he was denied a free and appropriate education which demands compensation.").

Unlike a claim that the school building lacked access ramps, a claim that a child was kept out of school and deprived of adequate educational services could not be brought against

another public facility. *See Fry*, 137 S. Ct. at 756. Likewise, an adult at the school could not bring essentially this same grievance for the denial of a FAPE. *Id*. This claim expressly seeks relief for the denial of a free and appropriate public education. It could not be brought if the alleged conduct occurred at a public facility that was not a school, and an adult at the school could not have pressed essentially the same grievance. *See Fry*, 137 S. Ct. at 756. As a result, the § 504 claim is subject to the IDEA's exhaustion requirements.

## B. L.G.'s Retaliation Claim

L.G. asserts that he was subject to retaliation and seeks relief under § 504 and KRS Chapter 344.[1] To state a claim for retaliation, a plaintiff must plead facts sufficient to show that: (i) he was engaged in a protected activity; (ii) the defendant knew of this protected activity; (iii) the defendant took an adverse action against the plaintiff; and (iv) there was a causal connection between the protected activity and the adverse action. *A.C. ex rel. J.C. v. Shelby Cnty. Bd. Of Educ.*, 711 F.3d 687, 697 (6th Cir. 2013) (citing *Gribcheck v. Runyon*, 245 F.3d 547, 550 (6th Cir. 2001)). "The burden of establishing a *prima facie* case in a retaliation action in not onerous, but one easily met." *Id*. (citing *Nguyen v. City of Cleveland*, 229 F.3d 559, 563 (6th Cir. 2000).

The Board argues that L.G.'s claim fails because he has not set forth sufficient allegations to satisfy the first and second element of a claim for retaliation (L.G.'s engagement

---

[1] Consistent with Sixth Circuit and Kentucky practice, the claims arising under § 504 and KRS Chapter 344 will be analyzed together. *See Wathen v. Gen. Elec. Co.*, 115 F.3d 400, 404 n.5 (6th Cir. 1997) ("[I]t is common practice to look to the federal counterpart in construing KRS Chapter 344.") (citing *Palmer v. Int'l Ass'n of Machinists*, 882 S.W.2d 117, 119 (Ky. 1994)). Although the Board argues that it is not subject to KRS Chapter 344 and the plaintiff is not disabled under the relevant statutory sections, the Court will assume *arguendo* that KRS Chapter 344 applies, and evaluate the claims under § 504 and KRS Chapter 344 in tandem.

in protected activity and knowledge of the protected activity by the Board). L.G. argues that the exercise of his rights to continue receiving an education was a protected activity. However, a fair reading of the Amended Complaint shows that L.G. never alleges that he requested a § 504 plan or any other accommodation dealing with his educational needs. *See A.C. ex rel. J.C.*, 711 F.3d at 698 (citing a collection of cases for the proposition that "[b]oth this circuit and most others agree that requests for accommodation are protected acts.) Instead, the Amended Complaint alleges that, on some unknown date, L.G.'s mother contacted the administration at Morton and provided them with a statement from the plaintiff's physician stating that he would not be able to return to school for an extended period of time due to a medical diagnosis. [Record No. 8, ¶ 8] He also contends that his mother was contacted by his school counselor in early October 2016, regarding L.G.'s coursework and how he could pick it up from the school and access some coursework online. *Id.* at ¶ 14.

L.G. alleges in a conclusory fashion that he and his parents were victims of retaliation after the Board failed to adequately provide an education for him, when they were placed in the system of the Cabinet of Health and Family Services for allegations of abuse/neglect of the child solely due to his absences from school due to his illness, and when they sere summonsed to Fayette District Court for the allegation of truancy. *See* Record No. 8, ¶¶ 27, 30-31. But, L.G. has failed to identify any protected activity in which he was engaged and has not alleged that the Board knew of any such protected activity. Therefore, his claim will be dismissed for failing to state a plausible claim for retaliation.

### IV.

Based on the foregoing analysis, it is hereby

**ORDERED** as follows:

1. Defendant Fayette County Kentucky Board of Education's Motion to Dismiss [Record No. 9] is **GRANTED.**

2. The plaintiffs' claims against the defendant are **DISMISSED** in their entirety, with prejudice.

This 12th day of June, 2018.

Signed By:
*Danny C. Reeves*  DCR
United States District Judge